[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 9 December 1998 Date of Application: 9 December 1998 Date Application Filed: 28 December 1998 Date of Decision: 26 September 2000
Application for review of sentence imposed by the Superior Court of New London at New London.
Docket No. CR 97-71131.
Louis Avitabile, Esq., for the Petitioner.
Peter McShane, Esq., for the State of Connecticut.
 BY THE DIVISION
The record indicates that the petitioner was found guilty by a jury of Assault 1st with Serious Physical Injury in violation of Connecticut General Statute 53a-59a. The court imposed the maximum sentence of twenty years to serve.
The record shows that the petitioner approached the victim seeking a ride. When the victim refused to give him a ride the petitioner pulled out a utility razor knife and held it to the victim's left side of his neck and cut the victim seriously. The victim needed emergency care and required eight stitches to close the wound that was just shy of his carotid artery. CT Page 14558
Counsel at the hearing argued that the size of the wound was much smaller than indicated in the pre-sentence report. Counsel also felt that the court relied excessively on the petitioner's previous criminal record. Based upon the smaller wound, counsel felt a reduction of the sentence was in order.
The attorney for the State of Connecticut noted the horrendous criminal record of the petitioner and as he indicated in the transcript, "A look at his criminal record reveals twenty felony convictions. In fact, the only time there are gaps, the only times there are crimes not committed it's clear he is locked up in the Department of Corrections."
Counsel asked for affirmance of the sentence imposed, as the maximum was necessary and appropriate for the petitioner.
In reviewing the remarks of the sentencing court we find a balanced look at the petitioner by the court. The court noted that neither "breaks" nor incarceration had changed the petitioner and he concluded that the petitioner was incapable of rehabilitation. The court noted his long history of assaultive and dangerous behavior and felt that the petitioner had to be incarcerated for a long period of time to protect society.
In sentencing the petitioner it was proper. for the trial court to take into consideration the petitioner's extensive criminal record. That record allows the court to balance and weigh the present crime with his past deeds. To do so is a vital, proper and necessary function of the sentencing court.
The Division finds the sentence imposed within the scope of the parameters of Connecticut Practice Book 43-23. The sentence is AFFIRMED.
KLACZAK, J.
NORKO, J.
IANNOTTI, J.
Judges Iannotti, Klaczak, and Norko participated in this decision.